UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                 :

DONG CAI,                                  :        13-CV-7195 (ARR)
                                   :
               Petitioner,            :        Related to:
                                   :        10-CR-590 (ARR)
      -against-                    :        13-CV-3617 (ARR)
                                   :
UNITED STATES OF AMERICA,           :        <u>NOT FOR ELECTRONIC</u>
                                   :        <u>OR PRINT PUBLICATION</u>
              Respondent.          :
                                   :        <u>OPINION & ORDER</u>
------------------------------------------------------------------- X

ROSS, United States District Judge:

Petitioner Dong Cai ("petitioner" or "Cai"), for the second time, moves <u>pro</u> <u>se</u> to vacate his conviction pursuant to 28 U.S.C. § 2255. Petitioner asserts that his conviction should be vacated because (1) his trial counsel failed to advise him of the potential immigration consequences of his guilty plea; (2) his guilty plea was not knowing and voluntary because he had a "mental problem" at the time of his guilty plea; (3) he was subjected to "double jeopardy" because he was "charged twice" with the "same case and same reason" before this court and an immigration court; and (4) his appellate lawyer "didn't want to help [Cai] appeal anything." For the reasons explained below, Cai's claims are without merit, and his petition is denied.

## BACKGROUND

The history of petitioner's guilty plea to Social Security fraud and his sentence before this court are described in this court's prior order ("First Denial Order") denying petitioner's initial § 2255 motion (the "First Petition") and will not be repeated here. See Dong Cai v. United States, No. 13-cv-3617 (ARR), Dkt. #17 (Nov. 1, 2013). In June 2013, Cai timely filed his First Petition arguing that (1) his plea agreement, including the collateral attack waiver therein, was

void because his trial counsel "forced" him to plead guilty; (2) his trial counsel was ineffective because she failed to inform him of the potential immigration consequences of his guilty plea; (3) he was actually innocent; (4) the sentence imposed by this court was excessive; and (5) he was selectively prosecuted because the Supplemental Security Income agent investigating his case had a "race problem." See Dong Cai v. United States, No. 13-cv-3617 (ARR), Dkt. #1. As already noted, this court denied the First Petition on November 1, 2013, and declined to issue a Certificate of Appealability. Petitioner subsequently filed a letter in the Second Circuit, which has been construed as a timely notice of appeal of this court's First Denial Order, and petitioner's appeal in that case remains pending.

On December 16, 2013, this court received a second § 2255 motion from Cai (the "Second Petition"). Pet., Dkt. #1. On December 19, 2013, the court transferred the Second Petition to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. Dkt. #2. On June 26, 2014, the Second Circuit remanded Cai's Second Petition because "[a]t the time Petitioner filed his second § 2255 motion, his time to appeal the denial of his first § 2255 motion had not yet expired." Dkt. #3. In its order, the Second Circuit instructed this court to "determine in the first instance whether any of Petitioner's claims in the proposed § 2255 motion entitle him to any relief." Id. Accordingly, the court has considered each of petitioner's claims and finds them without merit.

## DISCUSSION

### A.    Ineffective Assistance of Trial Counsel

Petitioner first asserts that he was denied effective assistance of trial counsel because his trial counsel failed to advise him of the potential immigration consequences of his guilty plea or to seek a disposition with less harsh immigration consequences. Pet. at ECF 4. This identical

claim was raised in the First Petition, and it is once again denied for the same reasons as addressed in the First Denial Order. See First Denial Order 7-11.

**B.      Knowing and Voluntary Nature of Petitioner's Guilty Plea**

Petitioner's second claim is that his guilty plea was not knowing and voluntary due to his mental condition at the time of his plea. He asserts: "I have a mental problem and took the mental medication when I was forced to plea guilty." Pet. at ECF 5. As addressed in the First Denial Order, there is no indication other than petitioner's own self-serving and conclusory assertions to support his claim that he was "forced" to plead guilty or that his plea was other than knowing and voluntary.

As discussed in the First Denial Order, petitioner's own sworn testimony before this court contradicts his current unsupported assertions as to the voluntary and knowing nature of his plea. Specifically, prior to accepting Cai's plea, this court asked Cai about his being under the regular care of a psychiatrist and about his treatment for depression and anxiety. See United States v. Cai, No. 10-CR-590 (ARR), Plea Tr. ("Plea Tr.") 4-5. His counsel confirmed that he had been evaluated twice for competency during his criminal proceedings and been found fit to proceed. Id. at 5. When thereafter asked by the court, "Are your depression and anxiety in any way interfering with your ability to understand what's going on here?," Cai responded, "I don't believe so." Id. at 5-6. The court's discussion with Cai continued:

> THE COURT: Okay. Are [your depression and anxiety] in any way interfering with your ability to make up your own mind about what you want to do in your case?
>
> THE DEFENDANT: Interfere with what?
>
> THE COURT: Your ability to make up your own mind about what you want to do here with respect to your case? You are in the process, as I understand it, of making up your mind as to whether or not you want to plead guilty or go to trial. So my question to you is whether or not your emotional state, be it anxiety or

3

depression, are making it impossible for you to do that, to make up your own mind.

THE DEFENDANT: I can plead guilty today.

THE COURT: I understand. But I want to be sure before you ultimately decide to do that that you are, in fact, making up your own mind about what you want to do and that you're not so anxious or depressed that you can't do that, can't make up your own mind.

THE DEFENDANT: It will not interfere with my decision.

Id. at 6.

The court went on to ask petitioner about the three "psychiatric drugs" that he was taking at the time. Id. at 6-7. When asked whether they were "in any way interfering with [petitioner's] ability to understand the proceedings," petitioner responded, "I don't believe so." Id. at 7.

"A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). Other than his own self-serving assertions, petitioner has offered nothing to contradict his sworn statements made in open court to the effect that his mental condition and medications were not impacting his ability to understand the proceedings and voluntarily make a decision of his own accord as to his guilty plea. For this reason, as well as the reasons elaborated in the First Denial Order, the court finds this claim without merit.

C.    **Double Jeopardy**

Next, petitioner claims that he was "double charged" with the same crimes in both this court and the immigration court. Pet. at ECF 6-7. Petitioner's "double jeopardy" claim reflects what is, perhaps, a layman's misunderstanding of the concept. The Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99 (1997). Courts have consistently held that deportation

4

or removal proceedings are a civil rather than a criminal procedure and, thus, do not raise double jeopardy concerns. E.g., United States v. Danson, 115 F. App'x 486, 488 (2d Cir. 2004); Oliver v. U.S. Dep't of Justice, I.N.S., 517 F.2d 426, 428 (2d Cir. 1975); Batista v. McElroy, No. 02 Civ.2964 DF, 2004 WL 1658380, at *9 (S.D.N.Y. July 26, 2004); cf. Domond v. I.N.S., 244 F.3d 81, 87 (2d Cir. 2001) ("The ex post facto clause forbids retroactive application of penal legislation, not civil legislation, and deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure.") (internal quotation marks omitted).

Moreover, as discussed in the First Denial Order, petitioner's plea agreement advised him that removal was "presumptively mandatory" for the offense to which he was pleading guilty, and petitioner affirmed in signing the agreement that he wished to plead guilty regardless of the immigration consequences. At the plea hearing, the court confirmed with petitioner that he understood the possible immigration consequences of his plea and that he acknowledged that he would be placed in removal proceedings. Plea Tr. 15-16.

Accordingly, petitioner's double jeopardy claim also fails.

## D. Ineffective Assistance of Appellate Counsel

Petitioner's final claim is that he was denied his right to effective assistance of counsel on appeal because his appellate lawyer "didn't want to help [petitioner] appeal anything." Pet. at ECF 8. As discussed in the First Denial Order, petitioner's appointed appellate counsel, Robert Boyle, Esq., filed a motion pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there were "no non-frivolous issues which [could] be presented on appeal" and asking to be relieved as counsel. After receiving Cai's pro se response, the Second Circuit granted Boyle's Anders motion and dismissed Cai's appeal.

Ineffective assistance of appellate counsel claims are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). E.g., Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001). Applying the Strickland standard in the context of a habeas petitioner's claim that appellate counsel was ineffective for failing to file a merits brief, petitioner must show (1) "that his counsel was objectively unreasonable in failing to find arguable issues to appeal---that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" and (2) that he suffered prejudice as a result, that is, "he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (internal citation omitted).

Petitioner is unable to meet either prong of this standard. With respect to the first prong, Boyle submitted an extensive Anders brief explaining in detail why there were no non-frivolous issues to appeal, and, by granting the Anders motion after having received petitioner's opposition, the Second Circuit indicated its "satisf[action] that counsel ha[d] diligently searched the record for any arguably meritorious issue in support of his client's appeal, and defense counsel's declaration that the appeal would be frivolous [was], in fact, legally correct." United States v. Whitley, 503 F.3d 74, 76 (2d Cir. 2007) (internal quotation marks omitted). It also summarily affirmed petitioner's conviction. Moreover, Cai has asserted nothing in his petition to suggest that Boyle failed to brief a non-frivolous claim on appeal or that Cai has suffered prejudice as a result. Accordingly, the court also finds this claim meritless.

## CONCLUSION

For the foregoing reasons, petitioner's Second Petition seeking to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied. Furthermore, because petitioner has not made a

"substantial showing of the denial of a constitutional right" pursuant to 29 U.S.C. § 2253(c)(2),

no Certificate of Appealability will issue.  Petitioner may seek such a certificate from the Second

Circuit Court of Appeals.  The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated:       August 20, 2014
             Brooklyn, New York

## SERVICE LIST

**Dong Cai**
242 East 2nd Street, Apt.# 5A
New York, NY 10009